# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LENORRIS PARKER**

    **Petitioner,**

vs.                                            Case No. 4:12-cv-584-WS/CAS

**MICHAEL D. CREWS, Secretary**
**of Florida Department of Corrections**

    **Respondent.**

    _____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On November 2, 2012, Petitioner Lenorris Parker, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner challenges his conviction and sentence imposed by the Second Judicial Circuit Court, Leon County, on October 5, 2005, following a jury trial. Doc. 1 at 1-2. Petitioner concedes the § 2254 petition is untimely, but argues dismissal would result in a miscarriage of justice and, if the grounds he raises in his § 2254 petition are "proven[,] these acts or omissions would demonstrate that Petitioner Parker's constitutional violation has probably resulted in conviction of one who is 'actually innocent.'" Doc. 7 at 2. Respondent filed a motion to dismiss the § 2254 petition as untimely, with exhibits, arguing dismissal would not result in a miscarriage of justice and Petitioner's claim of actual innocence is frivolous. Doc. 17. Petitioner filed a reply to that

motion and argues his § 2254 petition must not be dismissed because he is a pro se litigant and has never had an opportunity to present the evidence necessary to establish his actual innocence. Doc. 20.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). The pleadings and attachments before the Court show that: (1) the petition is untimely; (2) the petition's dismissal would not result in a miscarriage of justice; and (3) the petition should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts. (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## **Procedural History**

By amended information filed on February 19, 2004, the State of Florida charged Petitioner with three counts in circuit court case number 03-1298AF: (1) burglary of a dwelling while armed with a firearm; (2) aggravated battery with a firearm; and (3) attempted armed robbery with a firearm. Doc. 17 Ex. C at 2. In April 2004, Petitioner proceeded to a jury trial in Leon County Circuit Court, and the jury found him guilty as charged on all three counts. *Id.* at 57-58. On April 29, 2004, the circuit court adjudicated Petitioner guilty and sentenced him as a Prison Releasee Reoffender to life in prison for the armed burglary of a dwelling offense, and to concurrent, thirty-year terms for both the aggravated battery with a firearm offense and the attempted armed robbery with a firearm offense. *Id.* at 89-98.

Petitioner filed a direct appeal on May 3, 2004, in the First District Court of Appeal (DCA), assigned case number 1D04-1939. *Id.* at 106-07. During the pendency of the

appeal, Petitioner filed two Florida Rule of Criminal Procedure 3.800(b) motions to correct a sentencing error, and on October 5, 2005, the circuit court re-sentenced Petitioner to the same sentence. *Id.* Ex. O at 29-41. Petitioner filed a third Rule 3.800(b) motion, and the circuit court denied the motion on April 7, 2006. *Id.* Ex. M at 4. Petitioner challenged this as part of his direct appeal with the First DCA, and on August 31, 2007, that court issued an opinion affirming his judgment and sentence. *See id.* Ex. T at 1-5; Parker v. State, 973 So. 2d 1167 (Fla. 1st DCA 2007).

On October 1, 2007, Petitioner sought discretionary review in the Florida Supreme Court, assigned case number SC07-1847, and that court stayed the proceedings pending the disposition of a controlling case. Doc. 1 at 2; Doc. 17 Ex. X at 13. On February 19, 2009, the Florida Supreme Court declined to accept jurisdiction. Doc. 1 at 3; Parker v. State, 1 So. 3d 173 (Fla. 2009).

On February 21, 2011, Petitioner, proceeding pro se, filed a post-conviction motion in the circuit court pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 1 at 3c. The circuit court denied the Rule 3.850 motion as untimely on March 2, 2011. *Id.* Petitioner appealed the denial to the First DCA, which reversed and remanded the case on July 12, 2011. *Id.* at 3d; Parker v. State, 65 So. 3d 585 (Fla. 1st DCA 2011). On remand on December 14, 2011, the circuit court summarily denied Petitioner's Rule 3.850 motion. Doc. 1 at 3d. Petitioner appealed the denial to the First DCA, and on April 3, 2012, that court issued a per curiam affirmance without opinion. *Id.*; Parker v. State, 84 So. 3d 1034 (Fla. 1st DCA 2012). The mandate issued on May 1, 2012. Doc. 17 Ex. FF at 1; online docket for

1D12-95 at www.1dca.org. Petitioner filed his § 2254 petition in this Court on November 2, 2012. Doc. 1.

Because the § 2254 appears untimely, this Court directed Petitioner to show cause why the proceeding should not be dismissed. Doc. 4. In the response filed on January 8, 2013, Petitioner conceded the petition is untimely, but argued dismissal would result in a fundamental miscarriage of justice because he is "actually innocent" of the substantive offense. *See* Doc. 7 at 2 ("Petitioner agrees that . . . there was no AEDPA time remaining to be tolled.").

On September 24, 2013, Respondent filed a motion to dismiss the § 2254 petition as untimely. Doc. 17. Respondent also argued that Petitioner failed to demonstrate that a dismissal would result in a fundamental miscarriage of justice and Petitioner's claim of actual innocence is frivolous. *See id.* at. 5. On December 12, 2013, Petitioner filed a response to the motion to dismiss. Doc. 20. Again, Petitioner conceded his § 2254 petition is untimely. *See* Doc. 20. Additionally, Petitioner argued that his § 2254 petition should not be summarily dismissed because he is a pro se litigant and he has never had the opportunity to present the evidence necessary to establish his "actual innocence." *See id.*

## **Analysis**

Petitioner contends that his untimely § 2254 petition should not be summarily dismissed because he is "actually innocent" and he is a pro se litigant. The § 2254 petition is untimely as explained below. Petitioner has not demonstrated actual innocence and he cannot overcome the one-year limitations period for filing a § 2254 petition solely because he is proceeding as a pro se litigant.

Case No. 4:12cv584-WS/CAS

First, Petitioner's § 2254 petition is untimely. The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). This period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[,]" though there are later commencement dates. *Id.* at § 2244(d)(1)(A).[1] The limitations period is tolled for the time during which a "properly filed" application for postconviction relief or other collateral review is pending in state court. *Id.* at § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y, Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, Petitioner's conviction became final on May 20, 2009, ninety days after the Florida Supreme Court declined jurisdiction on February 19, 2009, *see supra* page 3, when the time for seeking certiorari review in the U.S. Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13. The one-year AEDPA limitations period thus ended on May 20, 2010. *See, e.g.*, Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method," under which limitations period expires on anniversary of date it began to run); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis). Absent a later commencement date

---

[1] Later dates which may commence the limitations period are the date on which (1) an unconstitutional impediment which prevented the applicant from filing is removed; (2) the constitutional right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; and (3) the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(B)(-(D). Petitioner does not argue any of the foregoing exceptions apply.

Case No. 4:12cv584-WS/CAS

or other tolling activity, by the time Petitioner filed his Rule 3.850 motion on February 21, 2011, there was no AEDPA time remaining to be tolled. *See, e.g.*, Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."). Petitioner did not file his § 2254 petition until November 2, 2012, 898 days after the one-year AEDPA limitations period ended. The § 2254 petition is untimely because there was no AEDPA time remaining to be tolled.

Second, Petitioner has not demonstrated actual innocence. Petitioner correctly asserts that a litigant can overcome the AEDPA's one-year limitations period by showing actual innocence. *See* McQuiggin v. Perkins, 133 S. Ct. 1924, 1932 (2013). To show actual innocence, Petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner does not provide any new, reliable evidence to support his claim. *See* Johnson v. Alabama, 256 F.3d 1156, 1172 (11th Cir. 2001). Thus, Petitioner did not demonstrate an actual innocence claim.

Third, Petitioner cannot overcome the one-year limitations period for filing a § 2254 petition solely by asserting his status as a pro se litigant. *See* Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) ("As with any litigant, *pro se* litigants are deemed to know of the

one-year statute of limitations.") (citation and internal quotations omitted). Petitioner correctly asserts that pro se litigants are generally entitled to a liberal construction of their pleadings. Nevertheless, Petitioner did not support the proposition that a liberal construction of the pleadings also mandates a liberal application of procedural requirements. The issue here is not whether Petitioner formulated a "legally competent initial pleading." *See* Doc. 20 at 3 (citing Neitzke v. Williams, 490 U.S. 319, 330 (1989)). Instead, the issue is solely limited to the § 2254 petition's untimeliness. Dismissal of the § 2254 petition is proper because Petitioner offers no additional support as to why the one-year limitations period should not apply in this case.

## Conclusion

In sum, the § 2254 petition is untimely. Additionally, Petitioner did not demonstrate the applicability of any exception to the AEDPA's one-year limitation period. Thus, the Respondent's motion to dismiss should be granted, and the § 2254 petition should be dismissed as untimely.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).[2] Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

---

[2] It is recommended that the petition be dismissed solely on the procedural basis of timeliness. As a result, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 17) be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 1) be **DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 27, 2014.

        s/ Charles A. Stampelos
        **CHARLES A. STAMPELOS**
        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**